SARAH MERRITT AND OTHERS, APPELLANTS, *v.* THE VIL-LAGE OF PORTCHESTER AND JOHN LEONARD, TREASURER OF THE VILLAGE OF PORTCHESTER, RESPONDENTS.

*Assessments — one resolution providing for two — Bids — time of opening —Notice — publication of — objections — chapter 818 of 1868 — chapter 245 of 1875 —regularity of proceedings under.*

The board of trustees of the village of Portchester acted upon two petitions, one for grading Hanseco and the other for grading Irving avenue. There was but one resolution which, though it embraced both streets, yet, in legal effect, estab-lished separate assessment districts for each, and the subsequent proceedings were conducted thereunder. *Held*, that the proceedings were not open to the objection that there was only one proceeding for the grading of both streets.

A requirement in a charter that bids shall be opened on the day mentioned in the notice or on the adjourned day, and that the trustees shall "*then*" determine whose is the most favorable, does not restrict them to an instant determination; they have all the time requisite for a correct conclusion, the word "*then*" being used in the sense of "*soon afterward*" or "*immediately.*"

Where a charter requires the trustees to determine upon and fix, but specifies no form in which the trustees are to express their decision as to the proper com-pensation for work done, a confirmation of the report containing the charges for expenses, counsel fees, etc., is a sufficient compliance with the provisions of the charter.

A statute providing that before completing and signing the report, the commis-sioners must publish, once in each week for two weeks successively, a notice of a time and place, when and where the parties interested can be heard, *held*, to mean that there shall be two publications, one in one week, and the other

in the next week, and not that two weeks must elapse between the first publication and the day designated for the hearing.

*Held*, further, that a notice requiring the objections to be in writing was invalid, the statute conferring no authority that such hearing shall be restricted to written objections, and that this objection by the plaintiffs would have been fatal to the proceedings had they disregarded the notice. But having appeared before the commissioners pursuant thereto and had the benefit of a hearing they thereby waived all defects therein.

APPEAL from a judgment entered in favor of the defendants on a decision at Special Term, in an action brought by the plaintiffs for a perpetual injunction restraining the defendants forever from selling, offering for sale or making, issuing or delivering any certificate of sale or lease of plaintiff's land, for unpaid assessments for the grading of a street in the village of Portchester. The village was incorporated under a special act passed in 1868 (chap. 818). Proceedings in relation to regulating and grading streets and assessments therefor are provided for by sections 22 to 28, inclusive, of title 5 of said act. The provisions of said act as to sales for unpaid assessments were amended by chapter 245 of the Laws of 1875.

The court at Special Term found, among other things, that the plaintiffs were the owners of the land described in the complaint, the defendant The Village of Portchester a municipal corporation, and the defendant John Leonard the treasurer thereof.

That the defendant The Village of Portchester instituted proceedings, under the charter of said village, for the grading of Hanseco and Irving avenues on separate petitions as to each avenue, and that they fixed in one resolution the assessment districts for both streets in the following language: "The assessment districts to defray the expense of said grading be so fixed as to include all the land on both sides of said streets (Hanseco and Irving avenues) to a depth not exceeding 100 feet."

That Hanseco and Irving avenues are not parts of the same street, but are separate streets running at right angles to each other.

That the board of trustees of the defendant caused plain and accurate specifications of the work proposed to be done, uniting in the same specifications the work for both streets but making a different plan for each, and deposited the same with the village clerk

for public inspection, and gave two notices, one as to each street, that they would, on the 22d day of September, 1873, act in relation to the work of such streets, and that sealed proposals for the work would be received by the clerk until that date.

That the bids or proposals were opened on the 22d day of September, 1873, by the trustees, read and referred to the road committee, and thereupon the trustees' meeting adjourned without any further action to the 24th day of September, 1873, on which day they met, received and adopted the report of the road committee then presented, which report deemed the proposal of Robert F. Brundage the most favorable for grading Hanseco avenue, and recommended that his proposal be accepted, which was the only action determining whose was the most favorable bid. That, thereafter, the proceedings for grading the two avenues were conducted separately as to each, and separate contracts made as to each, in neither of which contracts, nor in the proposals, was a gross sum named as the price for doing the work, but the contract provided for doing the work at a sum per yard and per foot; some of the work to be done by the foot and some by the yard.

The commissioners of estimate and assessment severally took, subscribed and filed an oath in writing, " each for himself, that we will support the Constitution of the United States, the Constitution of the State of New York, and will perform the duty of commissioner of estimate and assessment for the grading of Hanseco avenue, in the village of Portchester, to the best of his ability;" and gave notice that the commissioners would meet in said village on November 7th, 1873, from two to five P. M., to receive any *written objections* that may be offered to and left with them by any of the parties interested; which notice was not dated and which notice was published once in each week for two weeks successively, commencing on the 30th day of October, 1873. That the plaintiffs, by John Lyon their agent, appeared before the commissioners and filed with them written objections, which were returned with their report to the board of trustees. The trustees did not confirm the same but sent the report back to the said commissioners that they might correct and readvertise the same.

The commissioners made up a second report and gave notice that all persons feeling themselves aggrieved must present their

objections in writing. Objections in writing were presented to said commissioners signed by five persons, including the three plaintiffs, which objections were annexed to the report and the report was then signed by said commissioners and returned to the board of trustees, who did not confirm the same but sent the same back to said commissioners to be reviewed by them and corrected according to law.

The commissioners made up a third report and gave a notice similar to that for the second report. No objections on the part of the plaintiffs were made in writing under such notice, but there were objections by other persons. Said third report was by said commissioners returned to the said board of trustees, who did not confirm the same but sent the same back to the said commissioners.

The commissioners made up a fourth report and before signing the same caused a notice, dated February 25th, 1874, to be published in the village newspaper: " That the commissioners of estimate and assessment for the grading of Hanseco avenue in the village of Portchester have completed their report and filed the same with the village clerk, in all respects according to law, where the same could be seen and examined by all persons interested until March 6th, 1874. Notice is further given that said commissioners will meet at the corporation rooms March 6th, 1874, from one to four P. M., and all persons feeling themselves aggrieved must present their objections in writing to the same;" which notice was published once in each week for two weeks successively, commencing on 26th of February, 1874. No objections in writing to said fourth report were received or presented to the said commissioners. The said fourth report was presented to said board of trustees who, on the 9th day of March, 1874, confirmed the same.

No resolution was passed or adopted by said trustees till April 20th, 1874, in terms fixing or auditing any of the items of expense mentioned in said report other than the resolution adopted March 9th, 1874, simply confirming the report.

*Ralph E. Prime*, for the appellants.

*Amherst Wight, Jr.*, for the respondents.

GILBERT, J. :

We have examined the proceedings presented for review in this case, and have come to the following conclusions :

1. The objection that there was only one proceeding for the grading of both streets is not correct in point of fact. The board of trustees acted upon two petitions, one for Hanseco and the other for Irving avenue. The resolution fixing the assessment districts, though it embraced both streets, yet in legal effect established separate districts for each of them, and the subsequent proceedings were conducted accordingly.

2. We think the construction of section 23 of title 5 of the charter, urged on behalf of the plaintiffs, is too technical. The requirement that the bids shall be opened on the day mentioned in the notice, or on the adjourned day, and that the trustees shall " *then* " determine whose is the most favorable, does not restrict them to an instant determination. They must have time, and all the time requisite for a correct conclusion. Hence the word " then," evidently, was used in the sense of " soon afterward " or " immediately." Certainly the legislature did not intend that the trustees should act upon the proposals without having duly considered them.

3. The statute does not require that the proposal shall be to do the work for a specified sum, nor could they ordinarily be properly put in that form. The sureties are to become bound for the doing the work at the price and upon the terms proposed. But that does not imply that the bids shall be in one form or the other. We think that either form is a sufficient compliance with the statute.

4. There was no substantial variance in the oath taken by the commissioners of assessment, from that prescribed by the statute.

5. We think the cost of the work was properly ascertained. The trustees acted on the statement of their engineer, and nothing has been shown to impeach the accuracy thereof. The slight discrepancy of fifty cents between the first and fourth report cannot be so regarded.

6. The confirmation of the report containing the charges for expenses, counsel fees, etc., was a sufficient compliance with the provision of the charter requiring the trustees to determine upon and fix the compensation for those objects. They could not confirm the report without approving those charges, and the charter

specifies no form of expressing their determination of the compensation therefor. One mode, therefore, is as good as another, provided it shows an actual determination of the trustees.

7. The notice of hearing upon the report of the assessment was published twice in successive weeks. That seems to be a compliance with the peculiar phraseology of the statute, which requires that the notice shall be published once in each week for two weeks successively. This we think means that there shall be two publications — one in one week and the other in the next week — and not that two weeks must elapse between the first publication and the day designated for the hearing. Such has been the later construction of similar statutes (*Chamberlain* v. *Dempsey*, 22 How., 356; *Sheldon* v. *Wright*, 5 N. Y., 497; *Olcott* v. *Robinson*, 21 id., 150; *Wood* v. *Morehouse*, 45 id., 368), and the language of the statute under consideration rather repels the idea of a notice of two weeks to the persons interested, by providing that it shall be given to the newspaper and published only twice. The objection to the sufficiency of the notice itself, however, seems to us to be a good one. The statute requires a notice of the time and place when and where the parties interested can be heard. The commissioners are to complete their report after that time. The plain object of these provisions is to afford an opportunity for a hearing before the commissioners, and the benefit of subsequent action thereupon by them, and the statute confers no authority upon them to require that such hearing shall be restricted to written objections. The subsequent provision that the commissioners shall return their report, " with all the objections in writing," does not warrant the inference that the commissioners themselves could properly hear and consider only written objections. Parties who desired a second consideration of their objections by the trustees might very properly be required to reduce them to writing, while no occasion for the observance of such a form would exist at the first hearing before the commissioners. In either case it would be a hearing within the legal signification of that term, which simply means the receiving of facts and argument thereon for the sake of deciding correctly. Still statutes, whereby a man's property is taken away or burdened with charges upon it, must be strictly pursued. We think that was not done in this particular, and the omission may

have deterred the persons interested from making an oral statement of their objections, and so deprived them of a substantial right. This objection would have been a fatal one, if the plaintiffs had disregarded the notice. But having appeared before the commissioners pursuant thereto, and had the benefit of a hearing, they thereby waived all defects therein. (*Buel* v. *Trustees of Lockport*, 3 Comst., 197; *People* v. *Quigg*, 59 N. Y., 89, and cases cited.)

8. By section 13 of title 7 of the charter, it was made the duty of the trustees to issue the warrant for the collection of the assessment. That was done, and the sale was made after the return of the warrant. The objection on this ground, therefore, is unfounded.

The result is that the judgment must be affirmed, with costs.

BARNARD, P. J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment affirmed, with costs and disbursements.